**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:09CV-P26-M**

**KRIS DEVON SMITH, SR.**                                                                                                **PLAINTIFF**

v.

**CORP. MCPHEARSON** *et al.*                                                                     **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Kris Devon Smith, Sr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants (1) Corp. McPhearson; (2) Virginia LPN; (3) Capt. Billings; (4) Sgt. Marret; and (5) David Osborne. The complaint seeks monetary and punitive damages and injunctive relief. Because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, this Court must review the complaint and dismiss the action, or any portion thereof, if it determines that the claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center. He used a court-supplied § 1983 complaint form to initiate this lawsuit. Under the section of the form directing Plaintiff to state his claims, Plaintiff states as follows:

> While the in the process of filing a Civil Rights Complaint against Medical and the Jailer for previous medical problems, I was placed in Medical due to kidney infection. In Medical I completed Civil Rights Complaint form and gave it to officer to have copies made. A couple of days later I was taken out of Medical, given a hernia belt which was why I was filing Civil Rights complaint. The belt had metal parts so they placed me in a Isolation Cell, took all my privleges [sic], and was told I'd remain in cell as long as I had the

> belt. I ask was they going to order another belt without metal parts I was told no by Medical. I asked if they could move me in one of the single cells in Medical which had T.V.'s, showers, phone etc. was told by Capt. Billings, Sgt. Marret and Corp. Mcpherson Medical does'nt [sic] want me back there. And I'd be in that cell as long as I have the belt. After a week of being harrassed [sic] everyday I signed a Medical Refusal and gave up the belt to get out of the situation. I feel like my Rights was violated because I was segregated, under false pretenses and harrassed [sic] by the above named.

Plaintiff sues each Defendant in only his or her official capacity. As relief, Plaintiff demands $5,000 in monetary damages, $5,000 in punitive damages, and to be "moved to KSR."[1]

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

---

[1]Plaintiff also indicates in his complaint that he filed a previous lawsuit in this Court against David Osborne, Henry Davis, and Southern Health Partners, Inc. A review of court records shows that no such complaint has been filed.

and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Plaintiff sues Defendants in only their official (not individual) capacities.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendants, each identified by Plaintiff as being employed by the Daviess County Detention Center, are, therefore, actually claims against Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

3

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326

(1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that he was "segregated under false pretenses and harassed" by Defendants. Plaintiff has not alleged that Defendants acted pursuant to a governmental policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
　　　Defendants
　　　Daviess County Attorney
4414.010